IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | |
|---|---|
| JEREMY DUNNINGTON, § <br> KAREN DUNNINGTON, § <br> AND MIRANDA DUNNINGTON, § <br> AS WRONGFUL DEATH § <br> BENEFICIARIES OF § <br> LARRY DUNNINGTON, DECEASED § <br>     *Plaintiffs*, § <br> §<br> v. § <br> § <br> § <br> KINDRED HOSPITALS LIMITED § <br> PARTNERSHIP D/B/A § <br> KINDRED HOSPITAL HOUSTON § <br> MEDICAL CENTER, § <br> DANIEL RAMEY, CRT, AND § <br> ESTHER F. LAHAI, RN § <br>     *Defendants*, | CAUSE NO.: 4:23-CV-03303 |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

### PARTIES

1. Plaintiff, JEREMY DUNNINGTON, is an individual and is a citizen of the State of Louisiana.

2. Plaintiff, MIRANDA DUNNINGTON, is an individual and is a citizen of the State of Louisiana.

3. Plaintiff, KAREN DUNNINGTON, is an individual and is a citizen of the State of Louisiana.

4. Defendant, KINDRED HOSPITALS LIMITED PARTNERSHIP D/B/A KINDRED HOSPITAL HOUSTON MEDICAL CENTER, is a Delaware entity, and has made an appearance in this matter.

5. Defendant DANIEL RAMEY, CRT, is an individual and is a citizen of the State of Texas, and has made an appearance in this matter.

6. Defendant ESTHER F. LAHAI, R.N., is an individual and citizen of the State of Texas and has made an appearance in this matter.

7. Defendant, MEDTRONIC, INC., is a corporation organized under the laws of Minnesota, with its principal place of business in Minnesota, and has made an appearance in this matter.

## JURISDICTION

8. This Court has jurisdiction over the lawsuit under 28 U.S.C §1332(a)(1) because the suit is between citizens of different U.S. States, and the amount in controversy exceeds $75,000, excluding interests and costs.

## VENUE

9. Venue is proper in this district under 28 U.S.C §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. More specifically, the events and/or omissions made the basis of this lawsuit occurred in Harris County, Texas and/or one or more of the Defendants lived in Harris County at the time that the acts and/or omissions made the basis of this lawsuit occurred.

## CONDITIONS PRECEDENT

10. Plaintiffs have satisfied all conditions precedent to bringing suit upon the foregoing cause(s) of action by sending notice of a potential healthcare liability claim. *See* Fed. R. Civ. P. 9(c).

## FACTS

11. In or around March 2021, Larry Dunnington had a Medtronic, Inc., left ventricular assist device ("LVAD") implanted to assist blood flow to and from the heart. On or about June 30, 2021, Mr. Dunnington was admitted to Kindred Hospital for inpatient rehab following a hospital

admission. Here, nursing staff and respiratory therapists would monitor Mr. Dunnington's LVAD throughout the day and ensure it was plugged in to recharge each evening.

12. During the evening hours of August 7, 2021, Mr. Dunnington was under the care of Esther F. Lahai, RN and Daniel Ramey, CRT. Ms. Lahai took Mr. Dunnington's vitals at 2130 hours, with Mr. Ramey performing a respiratory assessment at 2240; both of which included LVAD monitoring.

13. The LVAD logs show that the device was running on battery power until the battery went dead at 0007 hours on August 8, 2021. At this point, the device powered down.

14. At approximately 0020 hours, Mr. Dunnington was found unresponsive in his room, with his LVAD device unplugged, and the back-up battery drained. The LVAD was plugged into the wall and powered up.

15. A code blue was called, and the patient was resuscitated. However, due to the unknown amount of time without oxygen, Mr. Dunnington was subsequently diagnosed with an anoxic brain injury. Unfortunately, Mr. Dunnington never recovered from his injuries and remained in a comatose state until his death on July 11, 2022.

16. Defendant, Kindred Hospitals Limited Partnership d/b/a Kindred Hospital Houston Medical Center by and through its nursing staff has asserted that the LVAD device did not sound an audible alarm which would have indicated that the device had become unplugged and was operating on its reserve power source. Failure to sound an audible alarm would be a failure of the device and its intended purpose. Plaintiff is unable to ascertain the truth of the statements from Kindred employees.

## COUNT 1- NEGLIGENCE

17. The staff of KINDRED HOSPITALS LIMITED PARTNERSHIP d/b/a KINDRED HOSPITAL HOUSTON MEDICAL CENTER's management of the care of Larry Dunnington was below the accepted standard of care and constituted negligence. Specifically, Defendants ESTHER F. LAHAI, R.N., and DANIEL RAMEY, CRT, failed to ensure Mr. Dunnington's LVAD device was properly maintained and monitored. Specifically, these Kindred employees failed to monitor that the LVAD device was plugged into the wall and operating on a reliable power source. These employees and all other Kindred employees failed to respond to low battery alerts from the LVAD device. Such actions constitute negligence which was the proximate cause of the injuries and damages to Plaintiffs.

18. At all times relevant to these matters, ESTHER F. LAHAI, R.N., and DANIEL RAMEY, CRT, were acting in the course and scope of their employment as an employee, agent, servant, partner, and/or alter-ego OF KINDRED HOSPITALS LIMITED PARTNERSHIP d/b/a KINDRED HOSPITAL HOUSTON MEDICAL CENTER's which is thereby liable for his acts and/or omissions under the theory of *respondeat superior*.

## JURY DEMAND

19. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs herby demand a trial by jury on all issues so triable in this action.

## DAMAGES

20. As a direct and proximate result of the Defendants' negligence, Plaintiffs are entitled to bring this lawsuit and to recover those damages that they may have sustained pursuant to the Texas Wrongful Death Statute. Those damages include:

a. the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that Plaintiff would have received from LARRY DUNNINGTON, both in the past and in the future;

b. the loss of companionship and society and positive benefits flowing from the love, comfort, companionship, and society that Plaintiff would have received from LARRY DUNNINGTON both in the past and in the future;

c. and the mental anguish, emotional pain, torment, and suffering experienced by Plaintiffs as a result of the death of LARRY DUNNINGTON both in the past and in the future.

21. Plaintiffs bring this suit on behalf of themselves, and all other wrongful death beneficiaries entitled to recover pursuant to TEX. CIV. PRAC. REM. CODE §71.004(b).

22. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein; that upon final trial of this cause, Plaintiffs recover:

a. judgment against Defendants for Plaintiffs' damages as set forth above;
b. post-judgment interest at the legal rate from the date of judgment;
c. pre-judgment interest as allowed by law;
d. costs of court; and
e. such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**HASTINGS LAW FIRM P.C.**

**/s/ Tommy R. Hastings**
**TOMMY R. HASTINGS**
State Bar Number 24031637
Tommy@hastingsfirm.com
26503 Oak Ridge Dr.
The Woodlands, Texas 77380
Phone: (281) 466-1396
Fax No.: (281) 466-1887
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via facsimile, hand delivery, and/or certified mail, return receipt requested on the 6th day of October, 2023.

| PARTY: | COUNSEL: |
|---|---|
| **KINDRED HOSPITALS LIMITED PARTNERSHIP d/b/a KINDRED HOSPITAL HOUSTON MEDICAL CENTER, DANIEL RAMEY, CRT AND ESTHER F. LAHAI, R.N.** | *Via Electronic Mail*<br>**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**<br>**Lori D. Proctor**<br>**Lori.Proctor@wilsonelser.com**<br>**J. Jonathan Hlavinka**<br>**Jon.Hlavinka@wilsonelser.com**<br>**909 Fannin, Ste. 3300**<br>**Houston, Texas 77010** |
| **MEDTRONIC, INC.** | *Via Electronic Mail*<br>**Greenberg Traurig, LLP**<br>**Jospeh P. Griffith**<br>**griffithj@gtlaw.com**<br>**2200 Ross Avenue, Suite 5200**<br>**Dallas, TX 75201**<br><br>**Daniel I.A. Smulian (*pro hac vice* to be filed)**<br>**smuliand@gtlaw.com**<br>**Alena M. Markley (*pro hac vice* to be filed)**<br>**markleya@gtlaw.com**<br>**One Vanderbilt Avenue**<br>**New York, New York, 10017** |

                              /s/ Tommy R. Hastings
                              **Tommy R. Hastings**